Obed v Tirepool, LLC (2023 NY Slip Op 01802)

Obed v Tirepool, LLC

2023 NY Slip Op 01802

Decided on April 5, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 5, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
REINALDO E. RIVERA
LARA J. GENOVESI
JANICE A. TAYLOR, JJ.

2020-02691
 (Index No. 36087/19)

[*1]Val Obed, et al., appellants, 
v
Tirepool, LLC, et al., defendants.

William P. Pernicario, Staten Island, NY, for appellants.

DECISION & ORDER
In an action to enforce a foreign judgment entered upon default, commenced by motion for summary judgment in lieu of complaint pursuant to CPLR 3213, the plaintiffs appeal from an order of the Supreme Court, Rockland County (Robert M. Berliner, J.), dated January 31, 2020. The order, insofar as appealed from, denied that branch of the plaintiffs' motion which was for summary judgment in lieu of complaint insofar as asserted against the defendant Vivian Wallace.
ORDERED that the order is reversed insofar as appealed from, on the law, without costs or disbursement, and that branch of the plaintiffs' motion which was for summary judgment in lieu of complaint insofar as asserted against the defendant Vivian Wallace is granted.
In October 2013, the plaintiffs contracted with the defendant Tirepool, LLC (hereinafter Tirepool), for the purchase of a used car. The contract was negotiated by the defendants Jeff Massicott and Vivian Wallace, the owners/managers of Tirepool. The defendants breached the contract and retained the plaintiffs' down payment. In May 2015, the plaintiffs commenced an action against the defendants in the Superior Court of New Jersey (hereinafter the New Jersey action). The defendants failed to answer the complaint, and the plaintiffs obtained a default judgment against the defendants in the principal sum of $26,548.32.
The plaintiffs subsequently commenced this action to enforce the default judgment entered in the New Jersey action by motion for summary judgment in lieu of complaint pursuant to CPLR 3213. In November 2019, the plaintiffs served the motion on Wallace. Wallace failed to answer the motion. The plaintiffs did not serve Massicott and Tirepool with the motion. By order dated January 31, 2020, the Supreme Court denied the motion based on the plaintiffs' failure to serve all of the defendants. The plaintiffs appeal.
CPLR 1501 provides: "Where less than all of the named defendants in an action based upon a joint obligation, contract or liability are served with the summons, the plaintiff may proceed against the defendants served, unless the court otherwise directs, and if the judgment is for the plaintiff it may be taken against all the defendants." Here, the defendants are jointly and severally liable for the judgment in the New Jersey action and, therefore, the plaintiffs are permitted to proceed against Wallace without effectuating service on the other defendants.
Accordingly, the Supreme Court should have granted that branch of the plaintiffs' motion which was for summary judgment in lieu of complaint insofar as asserted against Wallace.
DUFFY, J.P., RIVERA, GENOVESI and TAYLOR, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court